# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES G. BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-466-SNLJ |
| | ) |
| MENTAL HEALTH DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon initial review, pursuant to 28 U.S.C. § 1915(e)(2), of the complaint filed by plaintiff Charles G. Butler, a Missouri State prisoner. The Court will allow plaintiff to proceed *in forma pauperis* in these proceedings, and will assess an initial partial filing fee of $1.00. In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

This case originated in the United States District Court for the Western District of Missouri, where plaintiff filed the instant complaint on or about March 15, 2018. On March 21, 2018, the Honorable Greg Kays entered an order transferring the case to this Court on the basis of venue. Judge Kays also granted plaintiff provisional leave to proceed *in forma pauperis*. This Court has reviewed the information in plaintiff's "Affidavit in Support of Request to Proceed In Forma Pauperis – Prisoner Cases" form, and has determined to allow plaintiff to proceed *in forma pauperis* in these proceedings. The Court will also assess an initial partial filing fee of $1.00. Any claim that plaintiff is unable to pay this amount must be supported by a copy of his inmate account statement that shows his account activity for the six months immediately preceding the filing of the complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is an inmate at the Farmington Correctional Center ("FCC"). He brings this action pursuant to 42 U.S.C. § 1983 against the mental health department of the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Plaintiff alleges that he had an "itch

3

problem" but that "we got that stopped for now." (Docket No. 1 at 4, 5). He alleges that the problem is starting to return. He alleges that he spoke to "Dr. Robert L. Wudel," apparently about the itch problem. *Id.* He also alleges that "ERDCC Mental Health" put him on Risperdol, which plaintiff believes is not right. *Id.* at 4. Plaintiff states "they" moved him to "this SRU,"[1] but plaintiff wants to be back in the general population. He states he asked "them" to move him back to the general population, but "they" refused." *Id.* at 4. As relief, plaintiff asks this Court to order that he be removed from the SRU and returned to the general population.

**Discussion**

The complaint is subject to dismissal. Plaintiff has named a prison mental health department as the sole defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A state prison's medical department is not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973) (finding that a state prison's medical department is a state agency that is not a "person" that can be sued under § 1983); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (same); *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 356 (6th Cir. 2006) (same).

Plaintiff also refers to Corizon. However, because plaintiff does not allege that a Corizon policy or custom was responsible for any alleged constitutional violation, he does not state a claim for relief against Corizon. *See Monell v. Dept. of Social Services of City of New York,* 436

---

[1] "SRU" stands for "Social Rehabilitation Unit." According to information provided by the Missouri Department of Corrections in its website, the SRU is a 100-bed housing unit for mentally ill offenders, designed to offer a long-term structured setting. It is located at the Farmington Correctional Center. https://doc.mo.gov/programs/education/therapy-treatment, last visited July 30, 2018.

U.S. 658, 690-91 (1978). Plaintiff also mentions the name of a particular doctor. However, plaintiff alleges only that he spoke to the doctor about an itch problem, not that the doctor was involved in any decision or conduct plaintiff believes was wrong. Plaintiff also refers generally to "Mental Health" without making any attempt to identify anyone in particular, or to allege how any particular individual was involved in any decision or conduct plaintiff believes was wrong. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing). Having liberally construed the complaint, the Court finds no factual allegations that amount to a plausible claim that any person in particular was personally responsible for violating plaintiff's rights.

In addition, the allegations in the complaint fail to state any claims of constitutional significance. Plaintiff alleges that he is being given Risperdol, and he states he thinks that it not right. Under the Due Process Clause of the Fourteenth Amendment, prisoners possess a significant liberty interest in avoiding forcible medication. *Washington v. Harper*, 494 U.S. 210, 222 (1990). Here, however, plaintiff's allegations focus upon his disagreement with the decision to give him Risperdol, not that he is being forced to take it or that he was denied due process. "A mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008).

Plaintiff also states that he does not want to be housed in the Social Rehabilitation Unit, and would prefer to be housed in the general population. Prisoners have no constitutional right to any specific classification or housing assignment, *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993), and they have no constitutional right to remain in a particular institution. *Murphy v.*

*Missouri Dept. of Corrections*, 769 F.2d 502, 503 (8th Cir. 1985). Due process protection is only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250–251 (1983). Here, there are no factual allegations amounting to a plausible claim that either a federal or state-created liberty interest was violated. Plaintiff's allegations therefore fail to state a claim of constitutional significance.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of July, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE